Neel, J.
Plaintiff, the Estate of Joseph P. Talarico, Jr., brought this action against its decedent’s former employer, the City of Cambridge ("the City”) and its Director of Personnel, Michael Gardner, seeking payment for compensatory time. Defendants move to dismiss Count V (violation of G.L.c. 149, §52C) and Count VI (violation of G.L.c. 93A). At issue is whether G.L.c. 149, §52C gives plaintiff a private right of action against an employer who fails to provide to its employee a copy of his personnel file, and whether plaintiff may maintain its claim under G.L.c. 93A, §9 in this employment context. For the following reasons, the motion to dismiss is allowed.
BACKGROUND
For purposes of this motion, the Court assumes that the following facts, stated in the complaint, are true.
Joseph P. Talarico, Jr. worked as an accountant and ultimately as financial manager at the Mayor Michael J. Neville Manor, a nursing home owned by the City. Talarico retired on January 28, 1994. Subsequently, Talarico and, later, his estate,[3] made several demands upon the City for payment of compensatory time. The City denied these requests. From June 13, 1994 to December 7, 1994, Talarico sent the City three written requests for an accounting of time due and a copy of his personnel file. On December 15, 1994, the City’s personnel director, defendant Michael Gardner, informed Talarico that he could receive his personnel file at the cost of 20 cents per page. On December 29, 1994, the City notified Talarico that a copy of his personnel file was available. On June 15, 1995, Talarico sent the City and Gardner a written demand for relief under G.L.c. 93A, §9.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). A complaint is not subject to dismissal if it would support relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
*468 A. Count V — G.L.c. 149, §52C
General Laws c. 149, s. 52C requires employers to make employees’ personnel records available for employees’ review, to provide employees a copy of such records upon written request, and to retain such records pending the final disposition of any cause of action in which such records are relevant. The statute provides that employer-employee disputes about the contents of a personnel file can be resolved through judicial proceedings, personnel procedures or other procedures established in a controlling collective bargaining agreement. The statute states that violations of its terms are punishable by fines, and that it “shall be enforced by the attorney general.” Id.
Plaintiff alleges that defendants violated G.L.c. 149, §52C by failing to provide Talarico with a complete copy of his personnel file within a reasonable time after several written requests. The parties dispute whether G.L.c. 149, §52C gives plaintiff a private right of action. Nothing in the statute’s language can be fairly read to grant private persons authority to enforce its provisions through a civil action. When a private cause of action under a statute is intended, the Legislature expressly grants such a right. Local 1445, United Food & Commercial Workers Union v. Police Chief of Natick, 29 Mass.App.Ct. 554, 558 (1990) (union lacked standing to enforce Sunday laws where G.L.c. 136, §10 empowered only specified public officers to seek injunctive relief from violations). No such express grant appears in Section 52C, nor can one be inferred, as the statute grants enforcement rights only to the Attorney General.
Plaintiff asserts that two portions of Section 52C referring to judicial proceedings convert the statute into one which gives plaintiff a private right of action. The first portion relied upon by plaintiff is the following:
If an employer placed in a personnel record any information which such employer knew or should have known to be false, then the employee shall have remedy through the collective bargaining agreement, other personnel procedures or judicial process to have such information expunged.
The statute distinguishes between disputes over withholding personnel records from employees and disputes over the contents of personnel records, which are resolved by means outside the statute. There is no support in the language of the statute, nor does plaintiff cite any other authority, for plaintiffs claim that the availability of judicial process to expunge false information from personnel records gives plaintiff a private right of action to enforce Section 52C’s requirement that employers make personnel records available to employees.
Nor is there merit to plaintiffs argument that a second portion of Section 52C referring to judicial proceedings evidences a private right of action to enforce the statute. Plaintiff points to the following:
In any cause of action brought by an employee against such employer of twenty or more employees in any administrative or judicial proceeding, including but not limited to, the Massachusetts Office of Affirmative Action, the Massachusetts Commission against Discrimination, Massachusetts Civil Service Commission, Massachusetts Labor Relations Commission, attorney general, or a court of appropriate jurisdiction, such employer shall retain any personnel record required to be kept under this section which is relevant to such action until the final disposition thereof.
This sentence requiring an employer to retain personnel records relevant to pending litigation cannot reasonably be interpreted, as plaintiff argues, to afford plaintiff a private right of action for defendants’ alleged withholding of personnel records.
Because Section 52C does not afford plaintiff a private right of action for defendants’ alleged withholding of personnel records, Count V must be dismissed.
B. G.L.c. 93A claims
Defendants also move to dismiss Count VI of the complaint, arguing that G.L.c. 93Aprovides no remedy for claims arising out of an employment relationship. Disputes arising out of an employer-employee relationship are excluded from the scope of G.L.c. 93A, as they do not meet the trade or commerce requirement. Manning v. Zuckerman, 388 Mass. 8, 14-15 (1983).
Plaintiff cannot avoid application of this principle by contending that his claims arose after his employment ended, when he learned of the City’s policy regarding compensatory time. Plaintiff offers no factual or legal support for this proposition. Rather, plaintiffs claim under G.L.c. 93A complaining of defendants’ failure to buy back Talarico’s unused compensatoiy time, or to compensate Talarico with overtime pay for those hours worked, unequivocally arose out of the employment relationship, as that is when the compensatoiy time accrued. Accordingly, plaintiff cannot maintain Count VI.[4]
ORDER
For the foregoing reasons, defendants’ motion to dismiss Counts V and VI is ALLOWED.

Talarico died on September 3, 1995.

Because G.L.c. 93A does not govern the employment relationship at issue here, the court need not address defendants’ alternative argument for dismissing Count VI, that G .L. c. 93 A is inapplicable to cases in which the employer is a municipality.